UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymond L. Semler,
Aldridge Taylor,

      Plaintiffs,

v.

Cal Ludeman, Commisioner
of Department of Human Services, et al.,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-0732 ADM/SRN

_____

Raymond L. Semler and Aldridge Taylor, pro se.

Barbara Berg Windels, Esq., and Jan M. Haapala, Esq., Minnesota Assistant Attorney Generals, St. Paul, Minnesota, on behalf of Defendants Cal Ludeman, Michael Tesneer, Dennis Benson, Gregg Carlson, and Kevin Moser.

Angela Behrens, Esq., Minnesota Assistant Attorney General, St. Paul, Minnesota, on behalf of Defendants Dan Hilleren and Joan Fabian.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Raymond L. Semler's ("Semler") Objections [Docket No. 66] to Magistrate Judge Susan R. Nelson's November 23, 2009 Report & Recommendation ("R&R") [Docket No. 65].[1] Judge Nelson recommends denying Plaintiffs' Motion for Temporary Restraining Order [Docket No. 41]; Motion to Remove Mail and Supplement Issue from State Court to Federal Court [Docket No. 42]; Motion to Voluntarily Dismiss Appeal [Docket No. 43]; and Motion to Extend [Docket

---

[1] While the Complaint was filed by both Raymond L. Semler and Aldridge Taylor ("Plaintiffs"), only Semler filed Objections to Judge Nelson's R&R.

No. 50]. Judge Nelson further recommends granting Plaintiffs' Motion for Extension of Word Limit in Response to Defendants' Memorandum of Law in Support of Their Motion to Dismiss [Docket No. 31]; Defendants Ludeman, Tesneer, Benson, Carlson, and Moser's Motion to Dismiss [Docket No. 23]; and Defendants Hilleren and Fabian's Motion to Dismiss [Docket No. 36]. Finally, Judge Nelson recommends denying as moot Plaintiffs' Motion for Preliminary Injunction [Docket No. 5]. For the reasons stated below, Semler's Objections are overruled and the R&R is adopted. The procedural and factual background described in the R&R is incorporated by reference.

## II. DISCUSSION[2]

### A. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

### B. Semler's Objections

Semler has submitted forty-one pages of objections to Judge Nelson's R&R. Although it is difficult to discern, Semler's objections seemingly fall into three broad categories: (1) objections to Judge Nelson's conclusion that Semler lacks standing; (2) objections to Judge Nelson's conclusion that Semler failed to establish personal involvement in the alleged

---

[2] Judge Nelson's lengthy R&R is comprehensive, thorough, and well supported. Because this Court agrees with Judge Nelson's recommendation and adopts her R&R, the Court finds no reason to iterate Judge Nelson's analysis in addressing Semler's various objections and will discuss only the issues to which Semler objects.

constitutional violations by the named Defendants; (3) myriad objections to other aspects of the R&R that repeat the arguments addressed in the R&R.

1.   **Standing**

Judge Nelson concluded that because "[s]everal allegations in the Complaint do not allege injuries to Plaintiffs themselves, but to other patients . . . Plaintiffs have failed to satisfy the injury in fact requirement" of standing. R&R at 9. Semler objects arguing that he has been denied mail contact with Department of Corrections ("DOC") inmates. Objections at 4. However, the Complaint is devoid of allegations to support Semler's assertion. The Complaint merely states that a DOC inmate at Rush City sent Semler a letter claiming that DOC officials had interfered with the Rush City inmate's mail. As Judge Nelson properly explained, Semler does not have standing to raise this claim.

2.   **Personal Involvement**

Semler argues that he has alleged sufficient personal involvement in the alleged constitutional violations by Defendants to establish liability and provides pages of deposition testimony of two former directors of the Minnesota Sex Offender Program ("MSOP") to support his assertion. First, the Court is prohibited from considering evidence outside the record on a motion to dismiss under Rule 12(b)(6). Further, Semler fails to explain how the fact that officials from two agencies discussed certain policies shows that Defendants were personally, or directly, involved in any constitutional wrong that Semler seeks to vindicate.

3.   **Semler's Remaining Objections**

Semler's remaining objections appear to restate the same arguments examined by Judge Nelson's R&R. The Court has conducted a de novo review of the files, records, and proceedings

in this case and concludes that Judge Nelson's application of relevant constitutional law is both accurate and comprehensive. Accordingly, the Court adopts the R&R in its entirety.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Semler's Objections [Docket No. 66] are **OVERRULED**

2. Judge Nelson's R&R [Docket No. 65] is **ADOPTED**;

3. Plaintiffs' Motion for Temporary Restraining Order [Docket No. 41] is **DENIED**;

4. Plaintiffs' Motion to Remove Mail and Supplement Issue from State Court to Federal Court [Docket No. 42] is **DENIED**;

5. Plaintiffs' Motion to Voluntarily Dismiss Appeal [Docket No. 43] is **DENIED**;

6. Plaintiffs' Motion to Extend [Docket No. 50] is **DENIED**;

7. Plaintiffs' Motion for Extension of Word Limit in Response to Defendants' Memorandum of Law in Support of Their Motion to Dismiss [Docket No. 31] is **GRANTED**;

8. Defendants Ludeman, Tesneer, Benson, Carlson, and Moser's Motion to Dismiss [Docket No. 23] is **GRANTED**;

9. Defendants Hilleren and Fabian's Motion to Dismiss [Docket No. 36] is **GRANTED**

10. Plaintiffs' Motion for Preliminary Injunction is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 8, 2010.